1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GREENE and DEIDRE JONES, individually, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GINO MORENA ENTERPRISES, LLC, a California limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 13cv1332 JM(NLS)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT** |

This is a wage-and-hour class action law suit brought pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 23, on behalf of individuals who are or were employed as nonexempt barbers, stylists and beauticians by Gino Morena Enterprises, LLC ("Defendant" or "GME"). The parties are presently before the Court on Plaintiffs' **Unopposed** Motion for an Order Granting Final Approval of Class Action Settlement and Entering Judgment (the "Motion"). (Dkt. 27.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the Motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78(b); S.D. Cal. Civ. L.R. 7-1.d.1.

///

///

## I. INTRODUCTION

Plaintiffs William Greene and Deidre Jones ("Plaintiffs") seek final approval of a proposed Class Action Settlement on behalf of Plaintiffs and the proposed class of individuals who are/were employed by GME in California as nonexempt barbers, stylists and beauticians (the "Class") between May 1, 2009 and January 21, 2014 (the "Class Period"). This wage-and-hour putative class action was initially filed in San Diego Superior Court on May 1, 2013 (the "Action" or "Complaint"). On June 7, 2013, Defendant removed the Action to federal court based on the Federal Enclave Doctrine and subsequently answered the Complaint on June 14, 2013. The Class involves a total of 752 current and former employees of GME. On January 21, 2014, the parties participated in a full day of mediation before Judge William Pate (ret.), at the end of which the parties ultimately reached a negotiated settlement.

On May 13, 2014, Plaintiffs filed their Motion for Preliminary Class Action Settlement, which was granted by the Court. (Dkt. Nos. 24, 25.)

The terms of the Class Action Settlement Agreement (the "Agreement") call for GME to pay a Gross Common Fund ("GCF") of $575,000, from which the following sums are to be deducted: (1) attorneys' fees in an amount of $189,750; (2) litigation costs of $18,321.98; (3) incentive awards of up to $10,000 for each of the two named Plaintiffs; and (4) claims administration expenses to ILYM, Group, Inc. ("ILYM") in the amount of $15,560. The Net Common Fund ("NCF") (i.e., the GCF less the aforementioned deductions) will be distributed to class members based on the proportionate number of hours they worked in relation to the total hours worked by the Class during the Class Period. The average class member payment will be $662.68, with the highest payment estimated at $2,428.42. Any unclaimed funds will be first deposited into a Qualified Settlement Fund ("QSF") for six months to pay out late claims. If there is any residue, the funds will be used to reimburse Defendant for payroll tax obligations, and any remainder will be donated to the *Wounded Warrior Project*.

The Court's preliminarily approval order directed Plaintiffs to disseminate notice of the settlement, "opt out" form, and claim form to members of the Class. The Class was also advised

of the manner and the deadline to file objections. Not a single member of the Class has filed an objection to the fee request or to the Settlement, itself. (Molina Decl., ¶ 18.) In accordance with the Court's order preliminarily approving the settlement, Plaintiffs have timely filed this **unopposed** Motion for Final Approval.

II.     **DISCUSSION**

    A.     **CLASS SETTLEMENT**

Settlement of the class action claims require court approval. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In reviewing a settlement, the district court's "[o]bligation is not to act as caretaker but as gatekeeper; [rather,] it must ensure that private … settlements are appropriate …" *Goudie v. Cable Commc'ns, Inc.*, No. CV 08-507-AC, 2009 WL 88336, *1 (D. Or. Jan. 12, 2009). The salient question for purposes of approving a class settlement is whether it constitutes a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, supra*, 679 F.2d at 1353. "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *McKeen-Chaplin v. Franklin American Mortg. Co.*, No. C 10-5243 SBA, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012), *quoting in part Lynn's Food Stores*, 679 F.2d at 1354.

As the Court explained in its preliminary approval order, the proposed settlement constitutes a fair and reasonable resolution of a bona fide dispute. The settlement resulted from arms-length, non-collusive negotiations overseen by a neutral mediator after the parties had exchanged a substantial amount of documents and information. The GCF constitutes roughly 43% of recoverable damages, and affords the putative class members a tangible monetary benefit. *See Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, *5 (N.D. Cal. Feb. 2, 2009) [recovery of 50% of possible damages in a wage-and-hour action was a "substantial achievement on behalf of the class"]. Moreover, the fact that there are no objections to the settlement, at least 48.01% of the Class submitted claims, and at least 72.19% of the NCF will be claimed by the Class weighs in favor of final approval. *See Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*,

221 F.R.D. 523, 529 (C.D. Cal. 2004) ["the absence of a large number of objections to a proposed class action settlement raises a strong presumption the terms of a proposed class settlement action are favorable to the class members"]. The Court therefore finds that final approval of the settlement is appropriate.

### B. ATTORNEYS' FEES AND COSTS

Here, Plaintiffs seek an award of attorneys' fees for $189,750.00 or 33% of the GCF. The Court notes that the amount of fees sought warrants an upward increase of 8% from the "benchmark" set by the Ninth Circuit in cases where, as here, the attorneys' fees are calculated as a percentage of a common fund. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The reasonableness of the fees requested is confirmed by the fact that the lodestar ($411,405) is more than double the proposed, percentage-based fee award ($189,750.00). *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) (noting that when applying the percentage-of-the-fund approach, the court should look to the lodestar as a cross-check to determine the reasonableness of the fee request). As for Plaintiffs' request for recovery of litigation costs, the Court finds that the amounts requested (i.e., $18,321.98 in litigation-related expenses and $15,560 in claims administration expenses) are reasonable under the circumstances and appropriately documented.

### C. INCENTIVE AWARDS

Although incentive awards are generally authorized as a matter of the court's discretion, in reviewing whether an incentive award is appropriate, the Court should take into account "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boeing Co.*, 327 F.3d 928, 977 (9th Cir. 2003); *see also In re Continental Illinois Secs. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992).

Plaintiffs seek incentive awards in the amount of $10,000 each. Each plaintiff submitted a declaration regarding their substantial involvement in and contributions to the litigation. Each plaintiff spent considerable time consulting with counsel, collecting supporting documents and

discussing them with counsel, preparing responses to written discovery requests. They also participated in depositions, all-day mediation, and the review and revisions to the Agreement. Although the precise amount of time and effort Plaintiffs expended in advancing the litigation is not entirely clear, it is readily apparent that the class benefitted from Plaintiffs' decision to file suit and pursue this action. As discussed, the settlement correlates to approximately 43% of recoverable damages, which, as noted above, is generally considered a favorable result. In agreeing to file suit, Plaintiffs assumed the risk of having a judgment entered against them in the event they did not prevail, and likewise faced repercussions from being identified as individuals who sued their employer on a class action basis. Thus, on balance, the Court finds, in its discretion, that the record supports approving an incentive award in the amount of $10,000 for each Plaintiff.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for an Order Granting Final Approval of Class Action Settlement and Entering Judgment is GRANTED.

2. Pursuant to the terms of the Agreement and the findings set forth above, the Court approves the payment of:

    a) Attorneys' fees in the sum of $189,750 and litigation expenses in the sum of $18,321.98 to Class Counsel, BISNAR|CHASE LLP     and BRANIGAN ROBERTSON, INC.;

    b) An incentive award in the sum of $10,000 each to William Greene and Deidre Jones; and

    c) Claims administration costs in the sum of $15,560 to the appointed claims administrator, ILYM, Group, Inc.

3. The parties are hereby ordered to comply with the terms of the Agreement, forthwith.

1     4.    A final judgment of dismissal is hereby entered in this case in accordance with the terms of the Agreement, Order Granting Preliminary Approval of Class Action Settlement, and this Order.

    5.    The parties shall bear their own costs and attorneys' fees, except as otherwise provided herein and by the Agreement.

    6.    The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: November 4, 2014

Hon. Jeffrey T. Miller
United States District Judge